LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10807 GAF (SHx) | Date | February 3, 2012 |
|---|---|---|---|
| Title | Cordel McGlothern v. United States of America et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Plaintiff Cordel McGlothern brings this case against Defendants United States of America, the United States Postal Service ("USPS"), and USPS employee Aaron Jenson, alleging various tort claims in connection with Plaintiff's forceful arrest by Jenson on December 20, 2010 at a USPS location, and resulting temporary incarceration. (Docket No. 1 [Compl.] ¶¶ 14–15, 18, 36.) Plaintiff alleges this Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346(b) (Federal Tort Claims Act ("FTCA")), and 39 U.S.C. § 409 (jurisdiction over suits involving the USPS). However, for the reasons discussed below, the Court cannot presently determine whether it has subject matter jurisdiction over this action.

First, the Court cannot conclude that jurisdiction is proper pursuant to 28 U.S.C. § 1331. Under this statute, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10807 GAF (SHx) | Date | February 3, 2012 |
|---|---|---|---|
| Title | Cordel McGlothern v. United States of America et al | | |

substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. Here, however, Plaintiff's Complaint appears to plead only state-law tort claims. (See Compl. ¶ 1.)

     Second, the Court cannot conclude that jurisdiction is proper pursuant to 28 U.S.C. § 1346(b). Under the FTCA, "[a] tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992); see 28 U.S.C. § 2675(a). This requirement "is jurisdictional in nature and may not be waived." Id. (internal quotation marks omitted). A claimant must submit his claim to the agency, and receive a notice of rejection of the claim, before filing suit. McNeil v. United States, 508 U.S. 106, 112 (1993). To properly exhaust administrative remedies, a plaintiff must present an administrative claim by submitting to the relevant agency "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). A plaintiff must "affirmatively allege" exhaustion in his complaint, and "[a] district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

     Here, Plaintiff alleges that he presented his claims administratively to the USPS on April 25 and April 29, 2011, and that the USPS took no action within six months. (Compl. ¶ 3.) Plaintiff's claim thus appears to have been presented timely pursuant to 28 U.S.C. § 2401(b) (within two years of when the claim accrued) and to the relevant agency (the USPS). However, Plaintiff does not allege or prove that the claim's form complied with the requirements of 28 C.F.R. § 14.2(a), including that demand was made for a sum certain. See Gillespie, 629 F.2d at 640; Caton v. U.S., 495 F.2d 635, 636–37 (9th Cir. 1974). Therefore, the Court cannot presently conclude that Plaintiff has exhausted the available administrative remedies.

     In addition, the Court cannot determine whether it has subject matter jurisdiction over the claims against Defendants USPS and Jenson. Claims under the FTCA must be brought against the United States to the exclusion of its agencies and employees. See 28 U.S.C. §§ 2671, 2679; Lomax v. United States, 155 F. Supp. 354, 356 (D.C. Pa. 1957) (". . . [A] suit arising under the Tort Claims Act must be brought against the United States of America and cannot be brought against the federal agency allegedly responsible for the tort."); Kee v. U.S., 168 F.3d. 1133, 1135 (9th Cir. 1999) (stating that "the only remedy an injured person has in a Tort Claims Act case is an action against the United States" and that "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded") (internal quotations omitted) (citing 28 U.S.C. § 2679(b)(1));

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10807 GAF (SHx) | Date | February 3, 2012 |
|---|---|---|---|
| Title | Cordel McGlothern v. United States of America et al | | |

Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993) (stating that the FTCA essentially "immunizes United States employees from liability for their negligent or wrongful act[s] or omission[s] . . . while acting within the scope of [their] office or employment") (internal quotations omitted) (alterations in original) (citing 28 U.S.C. § 2679(b)(1)).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE no later than the close of business on Friday, February 10, 2012**, why the Court should not dismiss this case, or, alternatively, should not dismiss Defendants USPS and Jenson, for lack of subject matter jurisdiction. **Failure to respond by this deadline will be deemed consent to dismissal.**

**IT IS SO ORDERED.**